

# IN THE
# TENTH COURT OF APPEALS

No. 10-15-00020-CR

**CLARENCE JOHNSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. FO-13-21575**

## MEMORANDUM OPINION

Clarence Johnson pled guilty to the offense of Fraudulent Use or Possession of Identification – Less than Five Items.  *See* TEX. PENAL CODE ANN. § 32.51 (West 2011). The trial court deferred an adjudication of guilt and placed Johnson on community supervision for five years.  Less than a year later, the State filed a motion to revoke Johnson's community supervision.  Johnson pled true to all but one alleged violation. The trial court, finding all violations alleged by the State to be true, revoked Johnson's

community supervision, adjudicated Johnson's guilt, and sentenced Johnson to two years in prison.

Johnson's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Johnson was informed of his right of access to the appellate record and his right to submit a brief or other response on his own behalf. He did not request access to the appellate record and did not submit a brief or response.

Counsel asserts in the *Anders* brief that counsel reviewed the reporter's record and clerk's record, the sentence received by Johnson, and the factual basis for the sentence. Counsel specifically discusses the prior history of the case, the sufficiency of the evidence to support revocation of Johnson's deferred adjudication community supervision, the trial court's failure to conduct a separate sentencing hearing, and the legality of Johnson's sentence. Counsel concludes that counsel is unable to find any non-frivolous error.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744;

*accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991).  An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact."  *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous when they "cannot conceivably persuade the court."  *Id.* at 436.  An appeal is not wholly frivolous when it is based on "arguable grounds."  *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief and the entire record in this appeal, we determine the appeal to be wholly frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  Accordingly, we affirm the trial court's judgment.

Should Johnson wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011).  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.  *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Johnson is granted, and counsel is permitted to withdraw from representing Johnson. Additionally, counsel must send Johnson a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 3, 2015
Do not publish
[CR25]

